STATE v. CITY OF CORAL GABLES.

154 So. 234.
Opinion Filed March 21, 1934.

*Vernon Hawthorne,* State Attorney, and *Henry M. Jones,* Assistant, for Appellant;

*E. L. Semple* and *Morton B. Adams,* for Appellee.

328

330

334

336

338

340

342

344

WHITFIELD, J.—This appeal is from a decree validating municipal bonds.

Chapter 15132, Acts of 1931, was enacted "to authorize the refunding of the bonded and other indebtedness of the City of Coral Gables." Section 6 of Article IX of the Constitution as amended in 1930, provides that "municipalities of this State shall have power to issue bonds only after the same shall have been approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in such * * * municipalities shall participate, to be held in the manner to be prescribed by law; but the provisions of this Act shall not apply to refunding bonds issued exclusively for the purpose of refunding the bonds or the interest thereon of such * * * municipalities." Chapter 15132 authorizes the refunding of the bonded and other indebtedness of the City of Coral Gables. Bonds to refund "bonds or the interest thereon," may be issued by the city without an election when so duly authorized by statute. But bonds to refund "other indebtedness" of the city, not included in "bonds or the

interest thereon," can legally be issued only after they have been approved by the required vote of the freeholder electors residing in the city, as stated in amended Section 6, Article IX of the Constitution. Chapter 15132 required the bonds to be issued under its provisions to be approved "by a majority of the votes cast in an election by the qualified electors who are freeholders of the City of Coral Gables, in which election a majority of the freeholders who are qualified electors, residing in such city shall participate."

It appears that an election was held April 12, 1932, and

"1. That 401 freeholder voters were qualified to vote at said election.

"2. That a total number of 354 ballots were cast.

"3. That on the question of adoption of proposal as follows: 'Shall the indebtedness of the City of Coral Gables be settled and refunded by the issuance of Refunding Bonds in the amount of Four Million Dollars ($4,000,000.00) and corporate stock to represent the balance of said existing indebtedness pursuant to Ordinance No. 174 * * *,' 329 votes were cast FOR the proposal; 23 votes were cast AGAINST the proposal."

The record thus shows that an election was held as required by the Act, and that the issue of all the bonds or corporate stock authorized by the Act was approved as required by law; therefore there is organic and statutory authority for issuing all the bonds and corporate stock if no illegality in the statute or proceedings be shown which may render the bonds or the corporate stock or any of them unlawful.

Chapter 15132 does not purport to require holders of bonds of the City to accept refunding bonds or corporate stock in exchange for outstanding bonds or coupons, and no

such bondholder is a party to this suit so as to bind present bondholders by any decree rendered in this cause.

The statute authorizes the city authorities to enter into refunding agreements with holders of bonds of the city and to issue refunding bonds and corporate stock in exchange for bonds or coupons or other evidences of indebtedness outstanding against the city that may *by agreement* be refunded as authorized by the statute.

Holders of bonds and coupons or other indebtedness of the City have their legal rights unaffected by the statute. No provision of the statute can affect the rights of creditors of the city without their consent, consequently the statute does not impair the obligation of any contract with its creditors. If paragraphs (c) and (g) of Section 4 of Chapter 15132 are otherwise valid, they cannot legally be made to so operate as to impair the obligation of the city's contract with its bondholders or other creditors.

Bonds in excess of $4,000,000.00 and corporate stock in excess of the balance of the city's total indebtedness cannot be issued. The refunding bonds and the corporate stock that may legally be issued can be used as authorized by the statute for refunding the bonded and other debts of the city as may be agreed by the city and its creditors within the provisions and limitations of the statute.

Bonds and other debts of the city not so refunded by agreement, maintain their *statu quo,* so there can be no impairment of contract rights in violation of organic law.

The constitution and the statute required the approving election to be by the proper electors residing in the city. Whether any territory is illegally embraced within the city limits cannot be determined in this proceeding.

The statute and the approving election held thereunder authorize the issue of the Class B bonds or corporate stock

and the use of them by agreement as evidences of outstanding indebtedness of the city; and such Class B bonds or corporate stock appear to be of such a nature and for such a purpose as to authorize proceedings under the statute for their validation. If Class A bonds required an approving vote of the freeholder qualified electors, that has been obtained. No invalidity in the statute or in the proceedings thereunder affecting the issue of the bonds and corporate stock referred to in the statute has been made to appear by the contentions made on behalf of the State; and minor irregularities, if any, in the proceedings are not material on the record as made. Future action taken under the statute will be subject to judicial review in due course of law.

Validating decree affirmed.

DAVIS, C. J., and BROWN and BUFORD, J. J., concur.